COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





DAVID MORALES,

                            Appellant,

v.


THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00201-CR

Appeal from the

409th Judicial District Court

of El Paso County, Texas 

(TC# 960D06482) 





O P I N I O N

            David Morales was indicted for one count of aggravated sexual assault of a child and one
count of indecency with a child. A jury found him guilty of both offenses and assessed
punishment at 35 years’ imprisonment for the aggravated sexual assault of a child offense and 20
years’ imprisonment for the indecency with a child offense. On appeal, Appellant argues the trial
court erred in denying his challenge for cause against a prospective juror. He also argues the
trial court erred in denying his motion for new trial, in which he raised an ineffective assistance
of counsel claim on the grounds that counsel’s failure to exercise a peremptory challenge against
the prospective juror and to properly preserve error of the challenge for cause. We reverse and
remand.
            On May 18, 1996, six-year-old E.O., the complaining witness, attended a Holy
Communion celebration at the home of Appellant. E.O. encountered Appellant in the kitchen
and he took her to the bathroom. In the bathroom, Appellant put E.O. on his lap and began
touching her vagina with his index and middle fingers. He also inserted his fingers into E.O.’s
vagina. Appellant was interrupted when one of E.O.’s friends opened the bathroom door. A
month later, E.O. made an outcry of sexual abuse to her mother.
CHALLENGE FOR CAUSE
            In Issue One, Appellant contends the trial court erred in overruling his challenge for cause
against venireperson Robyn Wyatt. Specifically, Appellant asserts that Ms. Wyatt, who was then
employed as a prosecutor by the District Attorney’s Office of El Paso County was subject to
challenge under Article 35.16(a)(9), in contravention to his right to a fair trial by an impartial
jury.
            During voir dire, Appellant challenged venireperson Robyn Wyatt for cause, arguing that
Ms. Wyatt was automatically excluded because, as a prosecutor for the District Attorney’s
Office, she was a party to the suit and disqualified under Article 35.16. To preserve error on the
trial court’s denial of a challenge for cause, an appellant must: (1) assert a clear and specific
challenge for cause; (2) use a peremptory strike on the complained-of venireperson; (3) exhaust
all his peremptory strikes; (4) request additional strikes; (5) identify an objectionable juror; and
(6) claim that he would have struck the objectionable juror with a peremptory strike if he had one
to use. Allen v. State, 108 S.W.3d 281, 282 (Tex.Crim.App. 2003); Feldman v. State, 71 S.W.3d
738, 744 (Tex.Crim.App. 2002). Appellant did not exercise one of his peremptory strikes on
venireperson Robyn Wyatt. Therefore, he has failed to preserve error on the trial court’s denial
of his challenge for cause of that venireperson. Issue One is overruled.
 
INEFFECTIVE ASSISTANCE OF COUNSEL
            Within Issues Two and Three, Appellant asserts his trial counsel rendered ineffective
assistance by failing to preserve error on the denial of his challenge for cause against
venireperson Wyatt, which resulted in not seating an impartial jury and denied his right to a fair
trial under Tex.Const. art. I, § 15.
            To prevail on an ineffective assistance of counsel claim, a defendant must show: (1)
counsel’s performance fell below an objective standard of reasonableness; and (2) there is a
reasonable probability that but for counsel’s deficient performance, the result of the proceeding
would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052,
2064, 80 L.Ed.2d 674 (1984); Rodriguez v. State, 899 S.W.2d 658, 664 (Tex.Crim.App. 1995).
            In reviewing an ineffective assistance of counsel claim, we must indulge a strong
presumption that counsel’s conduct falls within the wide range of reasonable professional
assistance and the appellant must overcome the presumption that the challenged conduct might
be considered sound trial strategy. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Thompson v.
State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Any allegation of ineffectiveness must be
firmly founded and affirmatively demonstrated in the record to overcome this presumption.
Thompson, 9 S.W.3d at 813. When faced with a silent record as to counsel’s strategy, this Court
will not speculate as to the reasons for counsel’s actions. See Jackson v. State, 877 S.W.2d 768,
771 (Tex.Crim.App. 1994). It is the defendant’s burden to prove ineffective assistance of
counsel by a preponderance of the evidence. Thompson, 9 S.W.3d at 813.
            Here, Appellant filed a motion for new trial, alleging jury misconduct and ineffective
assistance by his trial counsels, attorneys Charles Roberts and Angelina Lugo, for their deficient
performance during voir dire. At the hearing, Mr. Roberts testified that he was lead counsel in
Appellant’s trial and has been practicing criminal law for thirty years. Mr. Roberts was familiar
with the procedure for preserving error when a challenge for cause has been denied and had used
that procedure numerous times. Specifically, Mr. Roberts stated that in this case, he should have
exercised a peremptory challenge on venireperson Robyn Wyatt and requested additional
peremptory challenges on two other objectionable venirepersons. Mr. Roberts testified that the
decision to leave venireperson Wyatt on the jury was made in a vacuum and that he made the
mistake of never looking at her juror questionnaire because he had decided that she would be
struck anyway. Mr. Roberts stated that he and Ms. Lugo did not look at venireperson Wyatt’s
jury questionnaire until after the verdict. If he had seen that she had been a victim of indecent
exposure, that her father was a thirty-three-year police veteran, and that many of her friends and
associates were in law enforcement, he would have never let her on the jury. Mr. Roberts
testified that there was no strategic reason or purpose for leaving venireperson Wyatt on the jury. 
He believed that his mistake constituted ineffective assistance which deprived his client of a fair
and impartial jury and resulted in a conviction and thirty-five year sentence. On cross-examination, Mr. Roberts agreed that he knew that venireperson Wyatt was still a qualified juror
who had not been struck for cause when his motion was denied and knew that she could have
been struck with one of the ten peremptory strikes he had been given, but he chose not to. 
            Angelina Lugo testified that she has practiced law for about seven years and acted as co-counsel in Appellant’s defense. She was present during jury selection and knew that
Mr. Roberts’ challenge for cause against venireperson Wyatt was denied, but was not familiar
with the procedure for preserving error on the denial of a challenge for cause. Ms. Lugo saw
venireperson Wyatt’s name on the juror sheet on the evening before voir dire and knew that
Ms. Wyatt was a prosecutor. She did not read Ms. Wyatt’s juror questionnaire because she
assumed they would strike Ms. Wyatt. The first time she examined the juror questionnaire was
after the verdict on punishment. According to Ms. Lugo, there was no strategic reason for
leaving venireperson Wyatt on the jury and it was grossly ineffective assistance because the error
caused the verdict of guilt and punishment.
            The State called the Honorable Judge Sam Medrano, Jr. of the 409th Judicial District
Court of El Paso County to testify. Judge Medrano, who had not served as the presiding judge in
Appellant’s trial, recalled that at some point while the jury was deliberating in the guilt-innocence phase of trial, Mr. Roberts came into his chambers and struck up a conversation with
him about why the jury had been deliberating so long. Judge Medrano replied that when a
prosecutor is the presiding juror, he would assume that it was going to take a while before the
jury would come back with questions or a verdict. Mr. Roberts indicated to him that it was a
decision on defense counsel’s part to leave Ms. Wyatt on the jury because there was another
prospective juror that they felt they needed to strike more than Ms. Wyatt and that Ms. Wyatt was
a prosecutor that they had dealt with who was as fair a prosecutor as they had ever dealt with and
they felt comfortable with her being a juror in this case. The judge explained that by this time the
entire courthouse knew that a prosecutor was the presiding juror in this case and that he
understood Mr. Roberts to be conveying to him that he knew that too and that it was a decision
he made to leave her on the jury.
            On cross-examination, Judge Medrano testified that he had no discussion with
Mr. Roberts about whether or not he looked at venireperson Wyatt’s juror questionnaire. Judge
Medrano stated that in the process of preparing for and doing a jury selection, a lawyer is
supposed to read the juror questionnaires and is not properly prepared if he fails to do so. Judge
Medrano testified that the only way he would leave a defense lawyer or a prosecutor on a jury
was if he knew the person very, very well or had a friendship with the person. Based on
venireperson Wyatt’s responses in her questionnaire, Judge Medrano stated again that the only
reason he would leave someone with her questionnaire was if he had some personal insight into
that person that was not included in the questionnaire.
            When Mr. Roberts was re-called to testify, he explained that he was being defensive in
his conversation with Judge Medrano because he was receiving a lot of comments that basically
he was insane to leave Robyn Wyatt on the jury. He still had not read the juror questionnaire and
was trying to give an explanation for his actions. Mr. Roberts testified that he was being less
than candid to Judge Medrano and only made those statements in order to defend himself and his
professional integrity.
            Under Article 35.16, a juror is subject to a challenge for cause if that juror has a bias or
prejudice in favor or against a defendant. See Tex.Code Crim.Proc.Ann. art. 35.16(a)(9)
(Vernon 2006). Appellant asserts that venireperson Wyatt should have been stricken for cause
because her employment as an Assistant District Attorney for the El Paso District Attorney
rendered her partial and biased under the implied bias doctrine. Appellant argues that allowing a
lawyer who prosecutes cases for the prosecutor agency is apparent and obvious bias and resulted
in the denial of his constitutional right to a fair trial and impartial trial. See U.S. Const. amend.
VI; Tex.Const. art. I, § 10.
            Whether a juror’s partiality may be presumed from the circumstances is a question of law. 
Ruckman v. State, 109 S.W.3d 524, 528 (Tex.App.--Tyler 2000, pet. ref’d). The United States
Supreme Court has never explicitly adopted or rejected the implied bias doctrine. Id. In Smith v.
Phillips, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982), Justice O’Connor writing in a
concurring opinion, provided examples of extreme situations that would justify a finding of
implied bias to avoid a miscarriage of justice: “Some examples might include a revelation that
the juror is an actual employee of the prosecuting agency . . . .” Strickland, 455 U.S. at 222, 102
S.Ct. at 948. Justice O’Connor further stated, “[w]hether or not the state proceedings result in a
finding of ‘no bias,’ the Sixth Amendment right to an impartial jury should not allow a verdict to
stand under such circumstances.” Strickland, 455 U.S. at 222, 102 S.Ct. at 949. We are now
presented with the very “extreme” situation which gave Justice O’Connor such grave concern.
            The State points out that during voir dire, venireperson Wyatt stated that she could be fair
and impartial despite her background as a prosecutor and her knowledge of the State prosecutors,
investigators, law enforcement, the judge, and defense counsel. “The doctrine of implied bias is
limited in application to those extreme situations where the relationship between a prospective
juror and some aspect of the litigation is such that it is highly unlikely that the average person
could remain impartial in his deliberations under the circumstances.” Ruckman, 109 S.W.3d at
528, citing Person v. Miller, 854 F.2d 656, 664 (4th Cir. 1988). While venireperson Wyatt may
have believed she could set aside her status as an employee of the prosecuting agency, even a
well-meaning person would find it difficult to remain impartial under such circumstances and
most likely would be unconsciously blinded by otherwise good intentions. It is fair to say that
venireperson Wyatt may believe herself to be fair and impartial, but nevertheless she should have
been disqualified in the interest of justice. It is of fundamental importance that: “[J]ustice
should not only be done but should manifestly and undoubtedly be seen to be done.” Because
venireperson Wyatt was disqualified from serving as a juror for her implied bias as a matter of
law, Appellant’s trial counsel rendered wholly deficient performance by failing to preserve the
error of the denial of his challenge for cause. Further, we find that counsel’s deficient
performance resulted in a trial before a partial jury, which prejudiced the defense. Finding that
Appellant was denied effective assistance of counsel, we sustain Issues Two and Three.
            We reverse the judgment and remand the cause for a new trial.


March 1, 2007
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Publish)